**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OBED OMAR ESCOBAR-VASQUEZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.    16-70658

Agency No. A206-735-980

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Obed Omar Escobar-Vasquez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order summarily

affirming an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Escobar-Vasquez's contentions that his claims should have been analyzed under a child-specific definition of persecution, that victims of child abuse may constitute a particular social group, and his arguments as to his experiences of childhood abuse, because he failed to raise them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The BIA did not err by affirming, without opinion, the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-52 (9th Cir. 2003).

Substantial evidence supports the agency's determination Escobar-Vasquez failed to establish a nexus between the past harm he experienced in Guatemala and a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) ("A personal dispute is not, standing alone, tantamount to persecution based on" a protected ground). Escobar-Velasquez's contention that he was entitled to a presumption of future persecution therefore fails. *See El Himri v. Ashcroft*, 378 F.3d 932, 936 (9th Cir. 2004) (concluding that a petitioner who did not establish past persecution was therefore not entitled to a presumption of future persecution). Escobar-Velasquez does not otherwise challenge the agency's determination that he failed to establish a likelihood of future persecution. Thus, his withholding of

16-70658

removal claim fails.

Finally, substantial evidence supports the agency's denial of Escobar-Vasquez's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**